Filed 5/24/24  P. v. Grey CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ANTUON EUGENE GREY,<br><br>    Defendant and Appellant. | D081980<br><br><br>(Super. Ct. No. SCD240243) |


APPEAL from a judgment of the Superior Court of San Diego County, Runston G. Maino, Judge.  Reversed.

Eric R. Larson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Christopher P. Beesley and Warren J. Williams, Deputy Attorneys General, for Plaintiff and Respondent.

In *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*), the Supreme Court created a rule of statutory interpretation (the *Estrada* rule) that when the Legislature enacts "ameliorative changes to the criminal law" benefitting defendants, we generally presume it intended those changes "to extend as broadly as possible, distinguishing only as necessary between sentences that are final and sentences that are not." (*People v. Conley* (2016) 63 Cal.4th 646, 657.) Assembly Bill No. 333, passed in 2021, represents one such "ameliorative change." It narrowed the circumstances in which a defendant can be subject to additional punishment because he committed a crime for the benefit of a criminal street gang.

Consistent with the *Estrada* rule, the parties here agree that Assembly Bill No. 333 applies retroactively to all nonfinal cases. They disagree, however, as to whether defendant Antuon Eugene Grey's case became "nonfinal" when his sentence was recalled pursuant to another piece of legislation that merely authorized his resentencing. Finding several recent Court of Appeal decisions on this issue persuasive (see *People v. Salgado* (2022) 82 Cal.App.5th 376 (*Salgado*); *People v. Trent* (2023) 96 Cal.App.5th 33 (*Trent*), review granted Dec. 20, 2023, S282644; *People v. Mitchell* (2023) 97 Cal.App.5th 1127 (*Mitchell*), review granted Feb. 21, 2024, S283474), we agree with Grey and reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2013, Grey was convicted on one count of first degree murder (Pen. Code, §§ 187, subd. (a), 189, subd. (a)),[1] one count of unpremeditated attempted murder (§§ 664,187, subd. (a), and one count of assault with a semiautomatic firearm (§ 245, subd. (b)) with various sentence

[1] All statutory references are to the Penal Code.

2

enhancements, including 25 years to life for the discharge of a firearm causing death (§ 12022.53, subd. (d)) and a one-year prison prior enhancement (former § 667.5, subd. (b)). In addition, the jury found that each of the three offenses was committed for the benefit of a criminal street gang within the meaning of then-existing law, although for each count a three-year sentence on the enhancement was stayed pursuant to the reasoning of *People v. Ortiz* (1997) 57 Cal.App.4th 480, 486. (See former § 186.22, subd. (b)(1).)

Effective January 1, 2022, Assembly Bill No. 333 (Stats. 2021, ch. 699, § 5) amended section 186.22 in several respects, substantially narrowing the circumstances in which a crime can be found to have been committed for the benefit of a criminal street gang. (*People v. Tran* (2022) 13 Cal.5th 1169, 1206 (*Tran*).) Effective the same date, newly-enacted Senate Bill No. 483 (Stats. 2021, ch. 728, § 3) added section 1171.1 (since renumbered as section 1172.75), which declared "legally invalid" most "prison prior" enhancements previously imposed pursuant to section 667.5. For affected defendants including Grey, this legislation required recall of the sentence, striking of the enhancement, and resentencing. (§ 1172.75, subds. (c) and (d).) It expressed the Legislature's intent that the court on resentencing would "apply any other changes in law that reduce sentences." (§ 1172.75, subd. (d)(2).)

Grey's sentence was recalled and he was resentenced under section 1172.75 in March 2023. At the resentencing hearing, the People did not dispute that the prison prior enhancement should be stricken. Grey's attorney also requested that the trial court strike or reduce the firearm enhancement imposed pursuant to section 12022.53, subdivision (d). The court struck the prison prior, but declined to modify the firearm enhancement and otherwise imposed the same sentence. Defense counsel did not ask

3

the court to address the finding that the crimes were committed for the benefit of a criminal street gang.[2]

## DISCUSSION

In *Tran,* the Supreme Court relied on the *Estrada* rule to hold that because Assembly Bill No. 333's changes to the criminal street gang statute "have the effect of 'increas[ing] the threshold for conviction of the section 186.22 offense and the imposition of the enhancement,' " they apply retroactively to all cases not final on appeal. (*Tran, supra,* 13 Cal.5th at pp. 1206–1207.) Grey contends that as soon as his sentence was recalled, his case was no longer "final" for purposes of the *Estrada* rule such that he became entitled to the ameliorative benefits of Assembly Bill No. 333 and the changes it made to section 186.22.[3] Although the true finding on the criminal street gang allegations had no practical effect on his sentence because punishment on the enhancements was stayed, he asserts the finding must be vacated and the matter remanded for a possible new trial based on new standards. The People respond that Grey forfeited his claim by failing to raise the issue at his resentencing hearing. To the extent the issue is cognizable on appeal, they assert that the recall of Grey's sentence pursuant

---

[2]     At the conclusion of the resentencing hearing, the judge told Grey that he "g[a]ve your attorneys a case that may or may not be applicable here relative to the gang allegation." "But," he added, "that's not in front of me today." The record does not reflect what "case" the judge was referring to.

[3]     Grey also argues that he is entitled to application of statutory changes to section 1170 effected by Senate Bill No. 567 (Stats. 2021, ch. 731). Because we conclude that Grey's judgment must be reversed insofar as it incorporates a finding under section 186.22, we need not specifically address the application of Senate Bill No. 567. Following remand and resentencing, Grey can raise that additional issue in the trial court.

4

to section 1172.75 does not make the entire judgment "nonfinal" for purposes of the *Estrada* rule.

## A.     *We Will Not Deem the Issue Forfeited*

In response to the People's contention that Grey's claim with respect to Assembly Bill No. 333 was forfeited by his attorney's failure to raise the issue in the trial court, Grey's appellate counsel suggests that any failure on trial counsel's part would have been ineffective assistance of counsel. (See generally *Strickland v. Washington* (1984) 466 U.S. 668, 686–688.) We have difficulty conceiving of a tactical reason for the omission.[4] Thus, in the exercise of our discretion and to forestall an ineffective assistance claim, we address the merits of Grey's argument. (See *People v. Monroe* (2022) 85 Cal.App.5th 393, 400.)

## B.     *Vacatur or Recall of Sentence Entitles the Defendant to the Benefits of Assembly Bill No. 333*

The question presented is whether the changes to section 186.22 effected by Assembly Bill No. 333 apply retroactively to cases that are nonfinal only because the defendant's sentence has been vacated or recalled. A number of appellate decisions have addressed the question. With one exception, these opinions conclude that defendants whose sentences have been vacated or recalled for resentencing *are* entitled to the ameliorative benefits of the new statute. (See *Mitchell, supra,* 97 Cal.App.5th 1127, review granted Feb. 21, 2024, S283474 (*Mitchell*); *Trent, supra,* 96 Cal.App.5th 33, review granted Dec. 20, 2023, S282644 (*Trent*); *Salgado, supra,* 82 Cal.App.5th 376; *People v. Sek* (2022) 74 Cal.App.5th 657;

---

[4]     The People's only contrary argument in this regard asserts that trial counsel was not ineffective because recall of the sentence did not render the judgment nonfinal for purposes of changes to the criminal street gang statute. This argument on the merits is one we ultimately reject.

5

contra *People v. Lopez* (2023) 93 Cal.App.5th 1110, 1120 (*Lopez*), review granted Nov. 15, 2023, S281488.)  Understandably, the People rely heavily on *Lopez* and suggest that the remaining cases were wrongly decided.

Among published decisions, *Trent* and *Mitchell* represent the most recent analysis of the issue.  Each of these opinions rejected the conclusions of the majority opinion in *Lopez,* in particular, its reliance on language from the final substantive paragraph of the Supreme Court's decision in *People v. Padilla* (2022) 13 Cal.5th 152 (*Padilla*) as limiting the scope of the trial court's jurisdiction at resentencing.  The disputed passage in *Padilla* reads:

> "[T]he Attorney General argues that vacatur of a defendant's sentence 'does not allow a resentencing court to consider new claims or affect any part of the judgment other than the sentence.'  But the right and remedy we recognize today does not allow Padilla to raise claims unrelated to his sentence . . . .  He must receive a transfer hearing in a juvenile court, where the court will decide whether criminal adjudication is appropriate for the murder of his mother and conspiracy to kill his stepfather.  Whatever potential that hearing may have for reducing his punishment (the nonfinal part of his judgment), it does not authorize or constitute relitigation of guilt." (*Id.* at pp. 169–170.)

The *Lopez* majority interpreted this to mean that a "judgment" consists of a guilt component and a sentence component, and when a sentence is vacated only *that* portion of the judgment becomes nonfinal.  (*Lopez, supra,* 93 Cal.App.5th at pp. 1116–1119, review granted Nov. 15, 2023, S281488.)  The majority opinion thus concluded that a trial court resentencing a defendant lacks jurisdiction to apply Assembly Bill No. 333, since that would involve the relitigation of guilt.  (*Lopez*, at p. 1120.)

Conversely, the court in *Trent* believed the *Padilla* passage was included "to allay concerns that the defendant in that case would request a

new adjudication of his guilt in the juvenile court itself, and was not intended to divorce the court's retroactivity analysis from instances in which the retroactive relief would result in a more favorable sentence because the underlying change required reversal of a count of conviction for possible retrial." (*Trent, supra,* 96 Cal.App.5th at p. 43, review granted Dec. 20, 2023, S282644.) Similarly, *Mitchell* "d[id] not read *Padilla* as creating bifurcated judgments in the manner" suggested by *Lopez* and advocated by the Attorney General. (*Mitchell, supra,* 97 Cal.App.5th at p. 1140, review granted Feb. 21, 2024, S283474; see also *id.* at p. 1142 ["We disagree with the majority's approach in *Lopez.*"].) Indeed, the *Mitchell* court expressly rejected the view that that "the issue of appellant's guilt is final even though the validity of appellant's sentence is still being adjudicated." (*Mitchell,* at pp. 1140–1141.)

It would serve little purpose to exhaustively re-analyze the reasoning of *Lopez* on one hand and *Mitchell, Trent,* and *Salgado* on the other, particularly given that the issue will ultimately be resolved by the Supreme Court following the grant of review in *Lopez.* Suffice it to say that we are persuaded by *Mitchell, Trent,* and *Salgado*, and choose to follow this clear majority approach until instructed otherwise. On that basis, we reverse the judgment to the extent it found that Grey committed the crimes charged in counts one, two, and three for the benefit of a criminal street gang within the meaning of section 186.22.

## DISPOSITION

The judgment is reversed. The matter is remanded to the trial court for further proceedings consistent with this opinion.

DATO, J.

WE CONCUR:

O'ROURKE, Acting P. J.

IRION, J.